**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | **)** | |
| **WILLIE BRANCH-EL** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Civil Action No. 03-2368 (RMC)** |
| | **)** | |
| **ODIE WASHINGTON,** *et al.* | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| | **)** | |

### MEMORANDUM OPINION

This matter is before the Court on defendant District of Columbia's renewed motion to dismiss the complaint.  Upon consideration of the parties' submissions and the entire record, the Court will grant the District's motion and dismiss the case.

By Memorandum Opinion and Order of September 21, 2004 (hereafter "Mem. Op."),  the Court dismissed the complaint against the originally named defendants and substituted the District of Columbia as the proper party to defend against Mr. Branch-El's claim brought under 42 U.S.C. § 1983.  In its pending motion, the District of Columbia seeks dismissal of the complaint under Fed. R. Civ. P. 12(b)(6).  First, it reasserts that Mr. Branch-El, a prisoner at the time he initiated this action, has failed to make the required showing of prior physical injury pursuant to 42 U.S.C. § 1997e(e).  *See* Mem. Op. at 4.  Liberally construing Mr. Branch-El's opposition and More Definite Statement of the claim, and absent any development of the record through a summary judgment motion, the Court finds that Mr. Branch-El has pleaded sufficiently to satisfy the injury requirement of § 1997e(e).[1]  It therefore will deny the District's motion to dismiss on this ground.

---

[1]    Mr. Branch-El alleges that he suffered from fatigue, abdominal pain, and depression.

Next, the District of Columbia asserts that Mr. Branch-El has failed to state a constitutional violation and thus cannot maintain a claim under § 1983. *See* Mem. Op. at 2- 3 & n.4. Mr. Branch-El alleges in the complaint that he has been diagnosed with Hepatitis C but that, despite repeated requests and grievances, he was unable to obtain necessary medication while in jail in this city for 14 months or more. His more definite statement, however, belies a claim that District officials were deliberately indifferent to his medical condition. By his own admissions, Mr. Branch-El informed jail officials about his medical condition on September 30, 2002 and began receiving medication "on or about Oct. 2002." Plaintiff's More Definite Statement at 2, ¶ 5. Mr. Branch-El was transferred to the United States Penitentiary in Terre Haute, Indiana, on October 30, 2003, thereby placing him in the custody of the Bureau of Prisons. He alleges that his medication for chronic liver infection was stopped when he was transferred because his medical records were not sent to Terre Haute. Mr. Branch-El states that while at the Terre Haute facility, he received medication for abdominal pain and "hypogastric stomach [pain] . . . [a]mong other things," but not for his chronic liver infection. *Id*. at ¶¶ 5, 6.

Nothing in Mr. Branch-El's allegations establishes a claim against the District of Columbia based on an unconstitutional policy, practice or custom, *see* Mem. Op. at 4-5, and the United States is not a party to this action. The District of Columbia's motion to dismiss is granted for failure to state a claim upon which relief may be granted.[2]

_____/s/_____
Rosemary M. Collyer
Date: August 15, 2005.                                    United States District Judge

_____

[2]   A separate Order dismissing the case will be issued contemporaneously.